UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No.:

ROBIN MARIE BEDELL,

    Plaintiff,

v.

LACY THOMAS, individually,
MICHAEL FERGUSON, individually,
and DERYL LOAR, as SHERIFF
of INDIAN RIVER COUNTY, Florida,

    Defendants.
_____/

## COMPLAINT
### INTRODUCTORY STATEMENT

1. This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against LACY THOMAS, individually, MICHAEL FERGUSON, individually, and DERYL LOAR, as SHERIFF of INDIAN RIVER COUNTY, Florida.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff has fully complied with all conditions precedent to bringing this action

imposed by the laws of the State of Florida, and particularly by the provisions of §768.28 of the Florida Statutes.

## PARTIES

4. Plaintiff ROBIN MARIE BEDELL [hereinafter Plaintiff or Plaintiff BEDELL] is a citizen and resident of Indian River County, Florida.

5. At all times referred to herein, Defendant LACY THOMAS, individually, [hereinafter THOMAS or Defendant THOMAS] was employed as a deputy sheriff for Defendant DERYL LOAR, SHERIFF of INDIAN RIVER COUNTY, and was acting under the direction and control of Defendant DERYL LOAR, SHERIFF of INDIAN RIVER COUNTY, in such capacity as an agent, servant and employee of DERYL LOAR, SHERIFF of INDIAN RIVER COUNTY.

6. At all times referred to herein, Defendant MICHAEL FERGUSON [hereinafter FERGUSON or Defendant FERGUSON] was employed as a deputy sheriff for Defendant DERYL LOAR, SHERIFF of INDIAN RIVER COUNTY, and was acting under the direction and control of Defendant DERYL LOAR, SHERIFF of INDIAN RIVER COUNTY, in such capacity as an agent, servant and employee of DERYL LOAR, SHERIFF of INDIAN RIVER COUNTY.

7. Defendant DERYL LOAR, as SHERIFF of INDIAN RIVER COUNTY [hereinafter Defendant INDIAN RIVER COUNTY SHERIFF'S OFFICE or Defendant DERYL LOAR, as SHERIFF of INDIAN RIVER COUNTY] is the SHERIFF of INDIAN RIVER COUNTY, Florida. In this cause, Defendant DERYL LOAR, as SHERIFF of INDIAN RIVER COUNTY, acted through his agents, employees, and servants, including Defendant THOMAS, Defendant FERGUSON, and others.

8. Plaintiff sues Defendant THOMAS and Defendant FERGUSON in their individual

capacities.

**FACTS COMMON TO ALL COUNTS**

9. On August 27, 2016, Plaintiff was a guest of Melissa Chancellor at her residence in Vero Beach, Indian River County, Florida.

10. While at the residence, Plaintiff was subjected to battery by Christopher Poppell, who used a beer bottle to strike Plaintiff in the head.

11. Plaintiff raised her hand in self-defense, and the bottle struck Plaintiff in the area of her hand.

12. Poppell was immediately tackled to the ground by anther male guest, and Plaintiff returned home to her residence located at 4230 13th Street, Vero Beach, Indian River County, Florida.

13. Plaintiff subsequently contacted Tony Roberts and discussed the incident with Roberts. After speaking with Roberts, Plaintiff contacted Defendant INDIAN RIVER COUNTY SHERIFF'S OFFICE to report the criminal conduct of Poppell.

14. Plaintiff was in telephone communication with Defendant INDIAN RIVER COUNTY SHERIFF'S OFFICE when there was a knock on the front door of her residence.

15. When Plaintiff responded to the front door, she observed Defendant THOMAS holding the exterior screen door open as Defendant FERGUSON stood near THOMAS on Plaintiff's front porch.

16. Plaintiff spoke with THOMAS and FERGUSON from inside her residence, where she remained.

17. Defendant THOMAS and Defendant FERGUSON explained that they were investigating the disturbance at Councilor's residence.

18. Plaintiff acknowledged that she had been at Chancellor's residence, and left after she was hit with the beer bottle by Poppell.

19. At all times material hereto, Defendant THOMAS and Defendant FERGUSON declined to acknowledge Plaintiff's allegations of criminal conduct of Poppell towards Plaintiff.

20. Defendant THOMAS and Defendant FERGUSON declined to acknowledge Plaintiff's allegations against Poppell, and instead, Defendant FERGUSON informed Plaintiff that she was required to speak with Defendant THOMAS and Defendant FERGUSON because they were "investigating" Plaintiff's conduct.

21. The statement by Defendant FERGUSON that Plaintiff was required to speak with Defendant THOMAS and Defendant FERGUSON was false, insofar as there is no legal requirement that a person submit to interrogation during a consensual encounter relating to a criminal investigation, or submit to custodial interrogation at any time, including in the absence of a knowing and intelligent waiver of their constitutional right to remain silent.

22. Plaintiff advised Defendant THOMAS and Defendant FERGUSON that she had no interest in speaking with them further, whereupon Plaintiff closed the door to her residence.

23. Defendant THOMAS blocked Plaintiff from closing the front door to her residence, whereupon both Defendant THOMAS and Defendant FERGUSON entered Plaintiff's residence without a search warrant or lawful authority.

24. Defendant FERGUSON physically forced Plaintiff to the floor inside her residence and arrested Plaintiff for the offenses of disorderly intoxication and resisting arrest without violence in the absence of probable cause that Plaintiff committed any criminal offense.

25. On September 14, 2016, the State Attorney's Office for Florida's 19th Judicial Circuit

filed a No Information as to all criminal charges, and Plaintiff has never been convicted by any prosecuting authority of any criminal offense as a result of her arrest by Defendant FERGUSON on August 27, 2016.

26. At all times material hereto, the conduct of Defendant THOMAS and Defendant FERGUSON occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### PLAINTIFF'S FOURTH AMENDMENT CLAIM AGAINST DEFENDANT THOMAS, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983
**(unlawful search)**

For her cause of action against Defendant THOMAS, individually, in Count I, Plaintiff states:

27. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 26.

28. Defendant THOMAS entered Plaintiff's residence without a search warrant or lawful authority.

29. The conduct of Defendant THOMAS, individually, was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 to be secure in her house, papers, and effects, against unreasonable search and seizure.

30. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

31. As a further direct and proximate result of the conduct of Defendant THOMAS,

Plaintiff suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Judgment for exemplary damages;

    iii. Cost of suit;

    iv. Reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

    v. Trial by jury as to all issues so triable; and

    vi. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## PLAINTIFF'S FOURTH AMENDMENT CLAIM AGAINST DEFENDANT FERGUSON, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983
**(unlawful search)**

For her cause of action against Defendant FERGUSON, individually, in Count II, Plaintiff states:

32. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 26.

33. Defendant FERGUSON entered Plaintiff's residence without a search warrant or lawful authority.

34. The conduct of Defendant FERGUSON, individually, was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 to be secure in her house, papers, and effects,

6

against unreasonable search and seizure.

35. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

36. As a further direct and proximate result of the conduct of Defendant FERGUSON, Plaintiff suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Judgment for exemplary damages;

    iii. Cost of suit;

    iv. Reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

    v. Trial by jury as to all issues so triable; and

    vi. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT III
### FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST DEFENDANT THOMAS, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against Defendant THOMAS, individually, in Count III, Plaintiff states:

37. Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 26.

38. During a consensual encounter, Defendant FERGUSON informed Plaintiff that she

was required to speak with Defendant THOMAS and Defendant FERGUSON because they were "investigating" Plaintiff's conduct.

39. The statement by Defendant FERGUSON that Plaintiff was required to speak with Defendant THOMAS and Defendant FERGUSON was false, insofar as there is no legal requirement that a person submit to interrogation during a consensual encounter, or submit to custodial interrogation at any time, including in the absence of a knowing and intelligent waiver of their constitutional right to remain silent.

40. Plaintiff advised Defendant THOMAS and Defendant FERGUSON that she had no interest in speaking with them further, whereupon Plaintiff closed the door to her residence.

41. Defendant THOMAS blocked Plaintiff from closing the front door to her residence, whereupon both Defendant THOMAS and Defendant FERGUSON entered Plaintiff's residence without a search warrant or lawful authority.

42. At all times material hereto, it was clearly established law that "the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 107 S.Ct. 2502, 2509 (1987).

43. At all times material hereto, it was clearly established law that "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." Id. at 2510.

44. The unlawful search of Plaintiff's residence by Defendant THOMAS, individually, and Defendant FERGUSON, individually, was in retaliation for Plaintiff refusing to submit to interrogation during a consensual encounter, or submit to custodial interrogation at any time, and proximately caused the warrantless entry of Plaintiff's residence by Defendant THOMAS and

Defendant FERGUSON.

45. The unlawful search of Plaintiff's residence by Defendant THOMAS, individually, and Defendant FERGUSON, individually, would likely deter a person of ordinary firmness from the exercise of their First Amendment rights, and constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

46. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

47. As a further direct and proximate result of the conduct of Defendant THOMAS, Plaintiff suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Judgment for exemplary damages;

    iii. Cost of suit;

    iv. Reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

    v. Trial by jury as to all issues so triable; and

    vi. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV

## FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST DEFENDANT FERGUSON, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against Defendant FERGUSON, individually, in Count IV, Plaintiff states:

48. Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 26.

49. During a consensual encounter, Defendant FERGUSON informed Plaintiff that she was required to speak with Defendant THOMAS and Defendant FERGUSON because they were "investigating" Plaintiff's conduct.

50. The statement by Defendant FERGUSON that Plaintiff was required to speak with Defendant THOMAS and Defendant FERGUSON was false, insofar as there is no legal requirement that a person submit to interrogation during a consensual encounter, or submit to custodial interrogation at any time, including in the absence of a knowing and intelligent waiver of their constitutional right to remain silent.

51. Plaintiff advised Defendant THOMAS and Defendant FERGUSON that she had no interest in speaking with them further, whereupon Plaintiff closed the door to her residence.

52. Defendant THOMAS blocked Plaintiff from closing the front door to her residence, whereupon both Defendant THOMAS and Defendant FERGUSON entered Plaintiff's residence without a search warrant or lawful authority.

53. At all times material hereto, it was clearly established law that "the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 107 S.Ct. 2502, 2509 (1987).

54. At all times material hereto, it was clearly established law that "[t]he freedom of

individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." Id. at 2510.

55. The unlawful search of Plaintiff's residence by Defendant THOMAS, individually, and Defendant FERGUSON, individually, was in retaliation for Plaintiff refusing to submit to interrogation during a consensual encounter, or submit to custodial interrogation at any time, and proximately caused the warrantless entry of Plaintiff's residence by Defendant THOMAS and Defendant FERGUSON.

56. The unlawful search of Plaintiff's residence by Defendant THOMAS, individually, and Defendant FERGUSON, individually, would likely deter a person of ordinary firmness from the exercise of their First Amendment rights, and constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

57. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

58. As a further direct and proximate result of the conduct of Defendant THOMAS, Plaintiff suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

  ii.  Judgment for exemplary damages;

  iii.  Cost of suit;

  iv.  Reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

  v.  Trial by jury as to all issues so triable; and

  vi.  Such other relief as this Honorable Court may deem just and appropriate.

**COUNT V**
**FALSE ARREST/FALSE IMPRISONMENT CLAIM**
**AGAINST DEFENDANT INDIAN RIVER COUNTY SHERIFF'S OFFICE**

For her cause of action against Defendant INDIAN RIVER COUNTY SHERIFF'S OFFICE in Count V, Plaintiff states:

  59.  Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations of paragraphs 1 through 26.

  60.  Defendant FERGUSON proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed a misdemeanor offense in the presence of any officer.

  61.  The actions of Defendant FERGUSON, in causing the arrest of Plaintiff in the absence of probable cause, were taken in the absence of lawful authority.  The actions of Defendant FERGUSON constitute false arrest/false imprisonment of Plaintiff under Florida law.

  62.  The false arrest/false imprisonment of Plaintiff by Defendant FERGUSON in the course and scope of his employment as a deputy sheriff for Defendant INDIAN RIVER COUNTY SHERIFF'S OFFICE.

  63.  As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

  64.  As a further direct and proximate result of the conduct of Defendant INDIAN RIVER

COUNTY SHERIFF'S OFFICE, Plaintiff suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

  i. Judgment for compensatory damages in excess of $ 15,000 dollars;

  ii. Cost of suit;

  iii. Trial by jury as to all issues so triable; and

  iv. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VI
## FALSE ARREST/FALSE IMPRISONMENT CLAIM
## AGAINST DEFENDANT FERGUSON, INDIVIDUALLY

For her cause of action against Defendant FERGUSON, individually, in Count VI, Plaintiff states:

65. Plaintiff realleges and adopts, as if fully set forth in Count VI, the allegations of paragraphs 1 through 26.

66. Defendant FERGUSON proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed a misdemeanor offense in the presence of any officer.

67. The actions of Defendant FERGUSON, in causing the arrest of Plaintiff in the absence of probable cause, were taken in the absence of lawful authority. The actions of Defendant FERGUSON constitute false arrest/false imprisonment of Plaintiff under Florida law.

68. Alternatively to the allegations set forth in Count V, if the false arrest/false imprisonment of Plaintiff was not committed by Defendant FERGUSON during the course and scope of his employment for Defendant INDIAN RIVER COUNTY SHERIFF'S OFFICE, or was committed by Defendant FERGUSON in bad faith or with malicious purpose or in a manner

exhibiting wanton and willful disregard of human rights, safety, or property, the false arrest/false imprisonment of Plaintiff was committed by Defendant FERGUSON in his individual capacity.

69. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

70. As a further direct and proximate result of the conduct of Defendant FERGUSON, individually, Plaintiff suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i. Judgment for compensatory damages in excess of $ 15,000 dollars;

ii. Judgment for exemplary damages;

iii. Cost of suit;

iv. Trial by jury as to all issues so triable; and

v. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT VII
### PLAINTIFF'S INVASION OF PRIVACY CLAIM AGAINST DEFENDANT INDIAN RIVER COUNTY SHERIFF'S OFFICE

For her cause of action against Defendant INDIAN RIVER COUNTY SHERIFF'S OFFICE, in Count VII, Plaintiff states:

71. Plaintiff realleges and adopts, as if fully set forth in Count VII, the allegations of paragraphs 1 through 26.

72. Defendant THOMAS and Defendant FERGUSON entered Plaintiff's residence without a search warrant or lawful authority, whereupon Plaintiff was taken to the ground and

arrested by Defendant FERGUSON in the absence of probable cause that Plaintiff committed a misdemeanor offense in the presence of any officer.

73. The conduct of Defendant THOMAS and Defendant FERGUSON was objectively unreasonable, and caused Plaintiff outrage, mental suffering, shame, and humiliation, and was undertaken in such a manner as to cause outrage, or mental suffering, shame, or humiliation, to a person of ordinary sensibilities.

74. The conduct set forth herein constitutes an invasion upon Plaintiff's physical solitude or seclusion, and constitutes invasion of privacy.

75. The invasion of privacy proximately caused by Defendant THOMAS and Defendant FERGUSON against Plaintiff was committed by Defendant THOMAS and Defendant FERGUSON in the course and scope of their employment as deputy sheriffs for Defendant INDIAN RIVER COUNTY SHERIFF'S OFFICE.

76. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

77. As a further direct and proximate result of the conduct of Defendant INDIAN RIVER COUNTY SHERIFF'S OFFICE, Plaintiff suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Cost of suit;

    iii. Trial by jury as to all issues so triable; and

iv.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VIII
## PLAINTIFF'S INVASION OF PRIVACY CLAIM AGAINST
## DEFENDANT THOMAS, INDIVIDUALLY

For her cause of action against Defendant THOMAS, individually, in Count VIII, Plaintiff states:

78.     Plaintiff realleges and adopts, as if fully set forth in Count VIII, the allegations of paragraphs 1 through 26.

79.     Defendant THOMAS and Defendant FERGUSON entered Plaintiff's residence without a search warrant or lawful authority, whereupon Plaintiff was taken to the ground and arrested by Defendant FERGUSON in the absence of probable cause that Plaintiff committed a misdemeanor offense in the presence of any officer.

80.     The conduct of Defendant THOMAS and Defendant FERGUSON was objectively unreasonable, and caused Plaintiff outrage, mental suffering, shame, and humiliation, and was undertaken in such a manner as to cause outrage, or mental suffering, shame, or humiliation, to a person of ordinary sensibilities.

81.     The conduct set forth herein constitutes an invasion upon Plaintiff's physical solitude or seclusion, and constitutes invasion of privacy.

82.     Alternatively to the allegations set forth in Count VII, if the invasion of privacy was committed by Defendant THOMAS outside the course and scope of her employment for Defendant INDIAN RIVER COUNTY SHERIFF'S OFFICE, or was committed by Defendant THOMAS in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the invasion of privacy was committed by Defendant THOMAS in her individual capacity.

83. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

84. As a further direct and proximate result of the conduct of Defendant THOMAS, individually, Plaintiff suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

   i.   Judgment for compensatory damages in excess of $ 15,000 dollars;

   ii.  Judgment for exemplary damages;

   iii. Cost of suit;

   iv.  Trial by jury as to all issues so triable; and

   v.   Such other relief as this Honorable Court may deem just and appropriate.

### COUNT IX
### PLAINTIFF'S INVASION OF PRIVACY CLAIM AGAINST DEFENDANT FERGUSON, INDIVIDUALLY

For her cause of action against Defendant FERGUSON, individually, in Count IX, Plaintiff states:

85. Plaintiff realleges and adopts, as if fully set forth in Count IX, the allegations of paragraphs 1 through 26.

86. Defendant THOMAS and Defendant FERGUSON entered Plaintiff's residence without a search warrant or lawful authority, whereupon Plaintiff was taken to the ground and arrested by Defendant FERGUSON in the absence of probable cause that Plaintiff committed a misdemeanor offense in the presence of any officer.

87. The conduct of Defendant THOMAS and Defendant FERGUSON was objectively

unreasonable, and caused Plaintiff outrage, mental suffering, shame, and humiliation, and was undertaken in such a manner as to cause outrage, or mental suffering, shame, or humiliation, to a person of ordinary sensibilities.

88. The conduct set forth herein constitutes an invasion upon Plaintiff's physical solitude or seclusion, and constitutes invasion of privacy.

89. Alternatively to the allegations set forth in Count VII, if the invasion of privacy was committed by Defendant FERGUSON outside the course and scope of his employment for Defendant INDIAN RIVER COUNTY SHERIFF'S OFFICE, or was committed by Defendant FERGUSON in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the invasion of privacy was committed by Defendant FERGUSON in his individual capacity.

90. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

91. As a further direct and proximate result of the conduct of Defendant FERGUSON, individually, Plaintiff suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

   i. Judgment for compensatory damages in excess of $ 15,000 dollars;
   ii. Judgment for exemplary damages;
   iii. Cost of suit;
   iv. Trial by jury as to all issues so triable; and

   v. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

92. Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this   30th   day of November, 2017.

      By:   *s/. Hugh L. Koerner*
       Hugh L. Koerner
       Florida Bar No.: 716952
       Email: hlklaw@hughkoerner.com
       Hugh L. Koerner, P.A.
       Sheridan Executive Centre
       3475 Sheridan Street, Suite 208
       Hollywood, FL 33021
       Telephone: (954) 522-1235
       Facsimile:  (954) 522-1176
       *Attorneys for Plaintiff Robin Marie Bedell*